# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES MRLACK, JR., | ) |
| | ) Civil Action No. 17-1211 |
| Plaintiff, | ) |
| | ) |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| CALIFORNIA UNIVERSITY OF PENNSYLVANIA, CALIFORNIA BOROUGH, DONALD GETTIG, TOM MCCARTHY, ALYSSA BROWN, DANIEL STURM, STEVEN ORBIN, RICK ENCAPERA, EDWARD MCSHEFFERY | ) ECF No. 21 |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION ON PARTIAL MOTION TO DISMISS

Currently pending before this Court is the Defendant, Alyssa Brown's ("Brown" or "Defendant"), Partial Motion to Dismiss Counts I, IV and IX of the Plaintiff's Complaint (ECF No. 21), as well as both parties' responses in favor and in opposition thereto. (ECF No. 22, ECF No. 30; ECF No. 27.) Count I is a claim of excessive force pursuant to 42 U.S.C. 1983, Count IV is a claim of deprivation of medical care pursuant to 42 U.S.C. 1983 and Count IX is a state claim of false imprisonment. (ECF No. 1 ¶¶ 47, 74, 114.) This Court will only respond to the allegations and claims that are relevant to Brown's Partial Motion.

The following allegations are contained in Plaintiff's Complaint. (ECF No. 1.) On the evening of September 15, 2015, Plaintiff attended a boxing match held at the California University of Pennsylvania in a venue known as the Convocation Center ("Arena"). (*Id.* ¶ 16.) Shortly after he arrived, Plaintiff located several friends at the Arena's concessions stand; they

called him to the front of the line and asked him to pay for their concessions. (*Id.* ¶ 19.) Plaintiff was then approached by Campus Police officer, and named defendant, Donald Gettig ("Gettig") who told him to leave the concessions stand. (*Id.* ¶¶ 20-21.) Plaintiff stated that he was paying for his friend's concessions, at which point, and allegedly without further provocation, Gettig forced him out of line. (*Id.* ¶ 22.) Plaintiff then alleges that Gettig, along with Borough Officer Tom McCarthy, drove him into a wall causing him to strike his head and tackled him to the floor where he was placed in a "choke hold" and arrested. (*Id.* ¶¶ 23-24.) As he lay on the ground, a group of several other officers –which included Defendant – began taunting him. (*Id.* ¶ 25.)

The Plaintiff was handcuffed and taken to an office inside the Arena where he was placed in a holding cell. (*Id.* at ¶¶ 27-28.) While in the cell, Plaintiff complained that the injuries he sustained during arrest, and his tight handcuffs, were causing him pain. (*Id.* at ¶ 28.) The officers assembled nearby – including Defendant – mocked him and refused to summon medical attention, despite his injuries. (*Id.* at ¶ 29.) The Plaintiff then became dizzy and fell from a bench in his cell down to the floor, lacerating his head and losing consciousness. (*Id.* at ¶ 32.) At some point thereafter, a medical attendant was summoned to treat his wounds. (*Id.* at ¶ 34.) The Plaintiff was then ambulanced to Mon Valley Hospital for further treatment of his injuries which consisted of a concussion, a laceration to his scalp, and "various tissue wounds." (*Id.* at ¶ 37.)

I.  **Standard of Review**

In deciding a motion to dismiss under Rule 12(b)(6), the courts apply the following standard, as recently reiterated by the Third Circuit:

> A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." But detailed pleading is not generally required. The Rules demand "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v.*

> *Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n. 27 (3d Cir. 2010). Although the plausibility standard "does not impose a probability requirement," *Twombly*, 550 U.S. at 556, it does require a pleading to show "more than a sheer possibility that a defendant has acted unlawfully," *Iqbal*, 556 U.S. at 678. A complaint that pleads facts "merely consistent with a defendant's liability. . . stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citation and internal quotation marks omitted). The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

*Connelly v. Lane Constr. Corp.,* 809 F.3d 780, 786-87 (3d Cir. 2016).

Building upon the landmark Supreme Court decisions in *Twombly* and *Iqbal*, the court of appeals in *Connelly* reiterated the three-step process that district courts must undertake to determine the sufficiency of a complaint:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Id.* at 787. "This means that [the court's] inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating

whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George,* 641 F.3d 560, 563 (3d Cir. 2011).

The third step of this evaluation requires the court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "Although a plaintiff may use legal conclusions to provide the structure for the complaint, the pleading's factual content must independently 'permit the court to infer more than the mere possibility of misconduct.'" *Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x 774, 776 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. 662 at 679)) (other citation omitted).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him or her to relief. *Twombly*, 550 U.S. at 563 n.8.

## II.     Discussion

Brown has filed a Partial Motion to Dismiss Counts I, IV and IX for failure to state a cause of action upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 21.) Plaintiff stipulated to the dismissal of Count I, pertaining to excessive force, without prejudice and with leave to amend should new facts arise. (ECF No. 27 at 2.) Plaintiff also stipulated to the dismissal of Count IX, pertaining to false imprisonment, with prejudice, and against the Defendant only. (*Id.*) Plaintiff only contests the dismissal of the final remaining claim, Count IV, pertaining to deprivation of medical treatment pursuant to 42 U.S.C. 1983. (*Id.*)

Deprivation of medical treatment requires a plaintiff to "show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citing *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999)). A serious medical need in this context is "one that

has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (quoting *Pace v. Fauver,* 479 F.Supp. 456, 458 (D.N.J.1979), *aff'd,* 649 F.2d 860 (3d Cir.1981))(internal quotations omitted). Deliberate indifference has been defined by the Third Circuit as "a subjective standard of liability consistent with recklessness as that term is defined in criminal law." *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000). Plaintiff's allegations that are applicable to these elements will be taken as true and assessed for plausibility as discussed above. *See Iqbal*, 556 U.S. at 679.

In her Brief in support of this Motion, Defendant states that the Plaintiff's complaints of a "headache and neck-pain" while in custody at the Arena "did not signal a medical need." (ECF No. 22 at 7.) Furthermore, because she did not see the "initial kerfuffle with Officers Gettig and McCarthy" Defendant could not have known that Plaintiff's complaints of injury indicated a medical need. (ECF No. 30 at 2.) On the issue of deliberate indifference, the Defendant argues that because the Plaintiff eventually received medical care, and does not allege that "any officer interfered with the medical care provided or prolonged the time it took [the] medical care to arrive[,]" that he also does not allege a plausible instance of deliberate indifference. (ECF No. 30 at 3; ECF No. 22 at 8.)

The Defendant's arguments are unavailing. The Plaintiff provides plausible allegations that: 1) he may have indicated a medical need while in the custody of police officers, and 2) that medical care was, for a period, withheld by the Defendant and her associates. (ECF No. 1 ¶¶ 23-24, 29.) The Plaintiff was later diagnosed with significant injuries including, amongst others, a concussion and a laceration of the scalp. (*Id.* at ¶ 37.) While the court agrees that the deliberate

indifference standard is extremely high, the motion to dismiss stage is not the appropriate time to make this decision. The Court must take all of Plaintiff's allegations as true at this point. The Defendant's arguments in support of dismissal are better suited for resolution via motion for summary judgment. It would be premature to dismiss Plaintiff's claim via a Rule 12(b)(6) motion at this stage.

Viewed in light of the liberal pleading standards, this Court finds that the allegations of the complaint, when taken as true, allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged, and that the complaint meets the standards as enunciated in *Twombly* and *Iqbal*. Accordingly, the Partial Motion to Dismiss filed by Defendant Alyssa Brown (ECF No. 21) will be denied as it pertains to Count IV of the Complaint. Per agreement of Plaintiff, the allegations of Count I as to Brown will be dismissed without prejudice and the allegations of Count IX will be dismissed with prejudice. An Order will follow.

March 19, 2018
Date

Lisa Pupo Lenihan
United States Magistrate Judge

Cc: All counsel of record
(Via CM/ECF electronic mail)