# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES MRLACK, JR., | ) | |
| | ) | Civil Action No. 17-1211 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| CALIFORNIA UNIVERSITY OF | ) | |
| PENNSYLVANIA, CALIFORNIA | ) | ECF No. 23 |
| BOROUGH, DONALD GETTIG, | ) | |
| TOM MCCARTHY, ALYSSA | ) | |
| BROWN, DANIEL STURM, | ) | |
| STEVEN ORBIN, RICK ENCAPERA, | ) | |
| EDWARD MCSHEFERY | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION ON PARTIAL MOTION TO DISMISS**

Currently pending before this Court is Defendants Rick Encapera ("Encapera"), Tom McCarthy ("McCarthy"), and the Borough of California's ("Borough"), Partial Motion to Dismiss (ECF No. 23) various Counts included in the Plaintiff, Charles Mrlack, Jr.'s ("Plaintiff") Complaint (ECF No. 1), as well as the responses in favor and in opposition thereto. (ECF No. 24, 32; ECF No. 28, 29.) Encapera seeks to dismiss Count VI pertaining to fabrication of evidence. (ECF No. 23 ¶¶ 4-7.) McCarthy seeks to dismiss Count IV, pertaining to deprivation of medical care, Count V, pertaining to conspiracy to deprive Plaintiff of his constitutional rights, and Count IX pertaining to false imprisonment. (*Id.* ¶¶ 8-11, 12-15, 23-26.) The Borough seeks to dismiss Count VII, pertaining to failure to train, and Plaintiff's claim for punitive damages. (*Id.* ¶¶ 16-18,

21-22.) This Court will only respond to the allegations and claims that are relevant to this Partial Motion.[1]

The following allegations are contained in Plaintiff's Complaint. (ECF No. 1.) On the evening of September 15, 2015, Plaintiff attended a boxing match held at the California University of Pennsylvania ("Cal. U.") in a venue known as the Convocation Center ("Arena"). (*Id.* ¶ 16.) Shortly after he arrived, Plaintiff located several friends at the Arena's concessions stand; they called him to the front of the line and asked him to pay for their concessions. (*Id.* ¶ 19.) Plaintiff was then approached by Cal. U. Campus Police Officer, and named defendant, Donald Gettig ("Gettig"), who told him to leave the concessions stand. (*Id.* ¶¶ 20-21.) Plaintiff stated that he was paying for his friend's concessions, at which point, and allegedly without further provocation, Gettig forced him out of line. (*Id.* ¶ 22.) Plaintiff then alleges that Gettig, along with California Borough Officer Tom McCarthy, drove him into a wall causing him to strike his head and tackled him to the floor where he was placed in a "choke hold" and arrested. (*Id.* ¶¶ 23-24.) As he lay on the ground, a group of several other officers –which included McCarthy – began taunting him. (*Id.* ¶ 25.)

The Plaintiff was handcuffed and taken to an office inside the Arena where he was placed in a holding cell. (*Id.* ¶¶ 27-28.) While in the cell, Plaintiff complained that the injuries he sustained during arrest, and his tight handcuffs, were causing him pain. (*Id.* ¶ 28.) The officers assembled nearby – including McCarthy – mocked him and refused to summon medical attention, despite his injuries. (*Id.* ¶ 29.) The Plaintiff then became dizzy and fell from a bench in his cell down to the floor, lacerating his head and losing consciousness. (*Id.* ¶ 32.) At some point

---

[1] Counts I, II, III and VIII alleged against McCarthy are not addressed by Defendants Motion and thus remain. Count VII was not addressed by the California University of Pennsylvania and thus remains against them.

2

thereafter, a medical attendant was summoned to treat his wounds. (*Id.* ¶ 34.) The Plaintiff was then ambulanced to Mon Valley Hospital for further treatment of his injuries which consisted of a concussion, a laceration to his scalp, and "various tissue wounds." (*Id.* ¶ 37.)

On November 16, 2015, Gettig filed a criminal complaint charging Plaintiff with the summary offenses of disorderly conduct and public drunkenness, as well as an additional misdemeanor charge of resisting arrest. (*Id.* ¶ 40; at Exhibit C.) Plaintiff alleges that the charge of resisting arrest is factually unsupported and was fabricated in furtherance of a conspiracy to justify the Officer's use of excessive force. (*Id.* ¶¶ 40, 82-85.) Plaintiff further asserts that the facts above support a claim of failure to train police officers against both Cal. U. and the Borough. (*Id* ¶ 98-99.)

**I.** **Standard of Review**

In deciding a motion to dismiss under Rule 12(b)(6), the courts apply the following standard, as recently reiterated by the Third Circuit:

> A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." But detailed pleading is not generally required. The Rules demand "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n. 27 (3d Cir. 2010). Although the plausibility standard "does not impose a probability requirement," *Twombly*, 550 U.S. at 556, it does require a pleading to show "more than a sheer possibility that a defendant has acted unlawfully," *Iqbal*, 556 U.S. at 678. A complaint that pleads facts "merely consistent with a defendant's

3

> liability. . . stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citation and internal quotation marks omitted). The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

*Connelly v. Lane Constr. Corp.,* 809 F.3d 780, 786-87 (3d Cir. 2016).

Building upon the landmark Supreme Court decisions in *Twombly* and *Iqbal*, the court of appeals in *Connelly* reiterated the three-step process that district courts must undertake to determine the sufficiency of a complaint:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Id.* at 787. "This means that [the court's] inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George,* 641 F.3d 560, 563 (3d Cir. 2011).

The third step of this evaluation requires the court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "Although a plaintiff may use legal conclusions to provide the structure for the complaint, the pleading's factual content must independently 'permit the court to infer more than

4

the mere possibility of misconduct.'" *Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x 774, 776 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. 662 at 679)) (other citation omitted).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him or her to relief. *Twombly*, 550 U.S. at 563 n.8.

## II. Discussion

Encapera, McCarthy and the Borough have filed a Partial Motion to Dismiss various Counts listed in the Complaint for failure to state a cause of action upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 23.) Plaintiff stipulated to the dismissal of Count VI pertaining to fabrication of evidence, against Encapera, without prejudice.[2] (ECF No. 28 ¶¶ 4-7, 19-20.) Plaintiff also stipulated to the dismissal without prejudice to Count V against McCarthy, pertaining to conspiracy without prejudice, and Count IX against McCarthy, pertaining to false imprisonment, with prejudice. (*Id.* ¶¶ 12-15, 23-26.) Additionally, Plaintiff has stipulated to the dismissal of punitive damages against the Borough. (*Id.* ¶¶ 21-22.) Plaintiff contests the dismissal of Count IV, pertaining to deprivation of medical treatment against McCarthy, and Count VII, pertaining to failure to train brought against the Borough. (*Id.*)

Deprivation of medical treatment requires a plaintiff to "show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citing *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999)). A serious medical need in this context is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (quoting *Pace v. Fauver,* 479 F.Supp. 456, 458 (D.N.J.1979), *aff'd,* 649 F.2d 860 (3d Cir.1981))(internal quotations omitted).

---
[2] That is the only Count alleged against Encapera; he is thus terminated as a party Defendant.

Deliberate indifference has been defined by the Third Circuit as "a subjective standard of liability consistent with recklessness as that term is defined in criminal law." *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000).

In order to establish municipal liability for a failure to train, "[a] plaintiff must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." *Reitz v. Cnty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997) (citing *Colburn v. Upper Darby Township,* 946 F.2d 1017, 1030 (3d Cir.1991)). Merely establishing that a municipality "employs a tortfeasor" is insufficient, "[t]he plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the "moving force" behind the injury alleged." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997).

All of Plaintiff's allegations that are applicable to the elements of deprivation of medical treatment and failure to train will be taken as true and assessed for plausibility as discussed above. *See Iqbal*, 556 U.S. at 679.

In the Brief in support of his Motion, McCarthy states that "[t]he temporary delay in the provi[sion] of medical care does not rise to the level of deliberate indifference." (ECF No. 24 at 6.) Furthermore, because Plaintiff received medical care while in police custody, and because McCarthy offered to ride in the ambulance with him, McCarthy argues that he could not have been deliberately indifferent. (*Id.* at 6.) McCarthy did not comment on the Plaintiff's indication of a medical need while in custody other than to deny that he had conceded that element as set forth in Plaintiff's Brief in Opposition. (ECF No. 32 at 1; ECF No. 29 at 7.)

McCarthy's arguments in favor of dismissing Count IV are unavailing. The Plaintiff provides plausible allegations that: he may have indicated a medical need while in the custody of police officers, and that medical care was, for a period, withheld. (ECF No. 1 ¶¶ 23-24, 29.) The Plaintiff was later diagnosed with significant injuries including, amongst others, a concussion and a laceration of the scalp. (*Id.* ¶ 37.) While the court agrees that the deliberate indifference standard is extremely high, the motion to dismiss stage is not the appropriate time to make this decision. The Court must take all of Plaintiff's allegations as true at this point. McCarthy's arguments in support of dismissal are better suited for resolution via motion for summary judgment. It would be premature to dismiss Plaintiff's claim via a Rule 12(b)(6) motion.

In its Brief in Support of its Motion, the Borough argues that the Plaintiff's allegations for failure to train as asserted against them are conclusory. (ECF No. 24 at 8.) It argues that Plaintiff "fails to identify a *specific* Borough policy or custom that encourages its officers to use excessive force in arresting summary offenders or to deny medical care to individuals in police custody." (ECF No. 32 at 2.) This lack of specificity illustrates that Plaintiff has not adequately alleged "a causal nexus [between] his injury. . . [and] the failure to provide. . . *specific* training [that] can reasonably be said to reflect deliberate indifference." (*Id.* at 4.) Plaintiff also did not allege any facts that suggest the Borough was on notice of training deficiencies which it then intentionally chose to ignore, he only "recite[s] blanket assertions of the cause of action without providing specific facts." (*Id.* at 4-5.)

After applying the legal relevant standard to the allegations of the Complaint, the Court finds that there are not sufficient facts to support a claim of failure to train against the Borough. First, Plaintiff does not identify a specific Borough policy or custom that encourages – or intentionally fails to curtail – the use excessive of force or the deprivation of medical care to

7

those in police custody. Second, Plaintiff does not adequately allege facts to support a causal nexus between Borough's failure to train and the injury he sustained. Third, Plaintiff does not allege any facts which suggest deliberate indifference on behalf of the Borough. Count VII attempts to extrapolate the allegations associated with Plaintiff's arrest far beyond their applicable scope; it only provides conclusory allegations regarding the legal claim of a failure to train. (ECF No. 1 ¶¶ 99-107.)

Viewed in light of the liberal pleading standards, this Court finds that the allegations in the Complaint, when taken as true, allow the Court to draw a reasonable inference that McCarthy is liable for the misconduct alleged in Count IV, and that the complaint meets the standards as enunciated in *Twombly* and *Iqbal*. The Plaintiff does not, however, allege sufficient facts in support of Count VII against the Borough to assert a plausible claim of relief. An appropriate Order will follow.

Dated:  
March 27, 2018

BY THE COURT

_____  
Lisa Pupo Lenihan  
United States Magistrate Judge

cc: All Counsel of record  
    (Via CM/ECF electronic mail)